UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

STEPHANIE GREEN )
)
    Plaintiff, )
)
vs. ) Civil Action No.
)
)
NATIONAL CREDIT WORKS, INC.; )
 and DOES 1 to 10, inclusive, )
    Defendant, )
)

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.    INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Stephanie Green, an individual consumer, against defendant National Credit Works, Inc for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that the Defendant transacts business in Western District of Missouri and Defendant's collection communications were received by Plaintiff in Western District of Missouri.

## III. PARTIES

3. Plaintiff, Stephanie Green is a consumer, a natural person allegedly obligated to pay any debt, residing in Grandview, Missouri.

4. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant, National Credit Works, Inc. is a corporation engaged in the business of collecting debt in Western District of Missouri with its principal place of business located in Erie County at 3719 Union Road, Suite 221, Cheektowaga, New York 14225.

6. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

7. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

8. Upon information and belief, within one year prior to the filing of this complaint, Defendant placed collection calls to Plaintiff, seeking and demanding payment for an alleged consumer debt owed under an account number.

9. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

10. Upon information and belief, Defendant began contacting Plaintiff and placing collection calls to Plaintiff sometime prior to March 20th of 2012.

11. Upon information and belief, within one year of the filing of this complaint, Defendant lied to and/or misled Plaintiff, threatening to sue her, when it does not have the requisite legal standing to do so.

12. Upon information and belief, Defendant misled Plaintiff, by demanding payment from Plaintiff in communications that were within the first thirty days from the first initial communication with Plaintiff without also stating that Plaintiff still had an opportunity to dispute and/or seek validation for the alleged debt; overshadowing Plaintiff's rights to dispute and/or seek validation for the alleged debt.

13. Upon information and belief, within one year of the filing of this complaint, Defendant continued to attempt to contact Plaintiff directly after already having been given reason to know that Plaintiff was represented by an attorney.

14. Upon information and belief, Defendant, within one year form the filing of this complaint, did not state that it was a debt collector, attempting to communicate a debt, and that any information would be used for that purpose.

15. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and/or misleading Plaintiff, and by continuing to try to contact her after already having been given reason to know that she had legal representation.

16. As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in her feeling stressed, worried, and upset, amongst other negative emotions.

## V. *CLAIM FOR RELIEF*

17. Plaintiff Stephanie Green repeats and realleges and incorporates by reference to the foregoing paragraphs.

18. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    (a) Defendant violated *§1692c(a)(2)* of the FDCPA by communicating with Plaintiff after the Defendant knows the Plaintiff is represented by an attorney with regard to the alleged debt and has knowledge of, or can readily ascertain, such attorney's name and address, and the attorney has not consented to Defendant's communication with the Plaintiff; and

(b) Defendant violated *§1692e(2)(B)* of the FDCPA by falsely representing the services rendered or compensation which may be lawfully received by the Defendant for the collection of the alleged debt; and

(c) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that it did not intend to take; and

(d) Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and

(e) Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in the oral communications with Plaintiff that the communications were from a debt collector, and that the debt collector was attempting to collect a debt, and that any information obtained would be used for that purpose, when said communications were not formal pleadings; and

(f) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

(g) Defendant violated *§1692g(a)(1)* of the FDCPA by failing to give written notice of the amount of debt that the collector is pursuing; and

(h) Defendant violated *§1692g(a)(2)* of the FDCPA by failing to state the name of the creditor whom the debt is owed to; and

(i) Defendant violated *§1692g(a)(3)* of the FDCPA by failing to give written notice to the Plaintiff that she had the right to dispute the debt within 30 days of receiving the notice; and

(j) Defendant violated *§1692g(a)(4)* of the FDCPA by failing to give a written notice to the Plaintiff stating the Plaintiff's right to have verification of the debt mailed the consumer.

19. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Stephanie Green for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant, National Credit Works, Inc., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k;

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

Dated: April 27, 2012

RESPECTFULLY SUBMITTED,

By: /s/Mark Molner, Esq.

Mark Molner, Esq(SBN 62189)
PRICE LAW GROUP, APC
2210 W. 75th Street
Prairie Village, KS 66208
Phone: (913)529-1474
Fax: (818)907-2012
mark@pricelawgroup.com

Attorney for Plaintiff Stephanie Green

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Stephanie Green demands trial by jury in this action.